# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOHNNY D. JACKSON, )
)
    Petitioner, )
)
v. ) Case No. CV406-116
)
TIMOTHY C. WARD, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 8. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

Petitioner was indicted by the Chatham County grand jury on November 17, 1999. Resp. Ex. 2, pp. 414-17. He was charged as a recidivist with two counts of selling of cocaine and one count of possession of cocaine with intent to distribute. Resp. Ex. 2, pp. 414-17. On September 7, 2000,

petitioner appeared with counsel before the Chatham County Superior Court for a jury trial. Resp. Ex. 2 at 442. The jury found petitioner guilty on all counts. Id. (trial tr. at 345). Thereafter, the trial court sentenced petitioner to 40 years' imprisonment (20 years to be served without possibility of parole) as to the possession count and 20 years' imprisonment as to the two sale counts, to run concurrently with the 40-year sentence imposed as to the possession count. Resp. Ex. 2 (trial tr. at 361).

Petitioner timely filed a direct appeal of his sentence with the Georgia Court of Appeals. Resp. Ex. 2. The Court of Appeals affirmed his conviction and sentence on November 2, 2001 in a published opinion. Jackson v. State, 252 Ga. App. 268 (2001). It appears that petitioner did not petition the Georgia Supreme Court for a writ of certiorari.

Petitioner filed a state habeas corpus petition on February 13, 2002 in the Coffee County Superior Court. Resp. Ex. 1. After holding an evidentiary hearing on May 14, 2002, the state habeas court denied the relief sought on August 30, 2004. Resp. Ex. 2, 3. Apparently, petitioner timely filed a notice of appeal in the Superior Court. However, petitioner failed to file timely an application for certificate of probable cause to appeal with the Georgia Supreme Court, and on October 18, 2005 that court

dismissed as untimely petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief. Resp. Ex. 4.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on May 4, 2006. Doc. 1. Respondent moves to dismiss the petition as untimely under § 2244(d). Docs. 8, 9.

## II. ANALYSIS

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] The one-year AEDPA limitations period begins to run on the

---

[1]Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner *properly* files an application for post-conviction or collateral review with the state and such application is *pending*. 28 U.S.C. § 2244(d)(2); see also Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). The time between the date when the conviction becomes final and the filing of an application for post-conviction or collateral review with the state counts against the one-year statute of limitations, as does the time from the conclusion of such post-conviction or collateral review with the state until the filing of the § 2254 petition. Colbert v. Head, 2005 WL 1953116, *3 (11th Cir. Aug. 16, 2005) (petitioner's one-year limitations period ran 235 days from date of final judgment until filing of state habeas petition, then 130 days following denial of certificate of probable cause to

---

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

appeal denial of state habeas); see also Wade v. Battle, 379 F.3d 1254, 1256 (11th Cir. 2004) (noting that AEDPA "clock" ran 184 days between finality of conviction and filing of state habeas petition). These times added together must equal less than one year in order for a § 2254 petition to be timely. 28 U.S.C. § 2244(d)(1).

Respondent alleges that petitioner's conviction became final on November 2, 2001, when the Georgia Court of Appeals affirmed his conviction and sentence. However, petitioner had ten days to give notice of his intention to file a petition for writ of certiorari with the Georgia Supreme Court.[2] Thus, petitioner's state conviction actually became final on November 12, 2001, after the time period for filing a petition for certiorari with the Georgia Supreme Court expired.

Petitioner's state habeas petition was filed on February 13, 2002, 93 days after his state court judgment became final. When petitioner filed his state habeas petition, his one-year AEDPA limitations period was tolled,

---

[2] A conviction is "final" when direct review has in fact concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (holding that 90-day period for seeking certiorari with U.S. Supreme Court after denial of collateral relief in state court does not count against the AEDPA limitations period). Under Rule 38(a) of the Rules of the Supreme Court of Georgia, "[n]otice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment . . . ."

5

thus leaving 272 days to timely file a § 2254 petition following the resolution of his state habeas case. The state habeas court denied petitioner relief on August 30, 2004.[3] Petitioner had thirty days from that date in which to file a notice of appeal with the Superior Court *and* an application for certificate of probable cause with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b); Fullwood v. Sivley, 271 Ga. 248 (1999). Petitioner was advised by the Coffee County Superior Court in the order denying him habeas relief of the necessary appellate procedure:

> If Petitioner desires to appeal this order, Petitioner must file a notice of appeal with the Clerk of the Superior Court of Coffee County within thirty (30) days from the date this order is filed. Petitioner must also file an application for certificate of probable cause to appeal with the Clerk of the Georgia Supreme Court within the same thirty (30) day period.

Resp. Ex. 3 at 12. Petitioner, therefore, had until September 29, 2004 in which to file both the notice of appeal with the Superior Court and the application with the Supreme Court. Apparently, petitioner timely filed a notice of appeal with the Coffee County Superior Court. Resp. Ex. 4.

---

[3] Respondent inexplicably asserts that the state habeas court denied relief on May 11, 2004. That date is completely unrelated to this case. The state habeas court's decision is clearly dated August 28, 2004 and was filed with the Clerk of the Coffee County Superior Court on August 30, 2004. Resp. Ex. 3 at 1, 12.

However, petitioner did not file an application for certificate of probable cause to appeal in the Georgia Supreme Court until March 25, 2005. Because this application was untimely, the Georgia Supreme Court dismissed the application on October 18, 2005. Resp. Ex. 4.

Respondent argues that the tolling of petitioner's AEDPA limitations period ended on September 29, 2004, when petitioner's time period for filing an application for certificate of probable cause with the Georgia Supreme Court ended. If his AEDPA "clock" began running again on September 29, 2004, petitioner would have had until June 28, 2005 (272 days later) to timely file a federal habeas corpus petition under § 2254.[4] Thus, his instant petition, filed May 4, 2006, would be untimely.

However, if petitioner's one-year AEDPA limitations period remained tolled until October 18, 2005, when the Georgia Supreme Court dismissed his application for certificate of probable cause as untimely, his instant § 2254 petition would be timely. With 272 days of AEDPA "clock" remaining, petitioner would have had until July 17, 2006 to file an application for

---

[4] As his March 25, 2005 application for certificate of probable cause to the Georgia Supreme Court was clearly untimely, it was not a "properly filed" application for post-conviction or collateral review and should not toll the AEDPA period further. Wade v. Battle, 379 F.3d 1254, 1264 (11th Cir. 2004) (untimely application for certificate of probable cause not "properly filed").

7

federal habeas relief, making his instant petition timely. Thus, the Court must determine on what date petitioner's AEDPA "clock" began to tick following the denial of his state habeas petition: September 29, 2004 or October 18, 2005.

The "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward" the one-year AEDPA limitations period. 28 U.S.C. § 2244(d)(2) (emphasis added). In Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004), the Eleventh Circuit construed the meaning of a "properly filed" application and whether such an application is "pending." In Wade, the petitioner waited 184 days after his conviction became final to file his state habeas petition. Id. at 1262. His AEDPA limitations period was then tolled while his application for collateral review with the state proceeded. The court determined that this application was "properly filed" and "pending" until the state habeas court denied relief on October 19, 2000. Id. In addition, his "properly filed" state application was "pending" during the subsequent 30 days, when the petitioner could seek further appellate review by filing an application for a certificate of probable cause with the Georgia Supreme Court. Id. (citing O.C.G.A. § 9-

14-52(a)). This period ended on November 20, 2000. The petitioner filed his application for certificate of probable cause on January 7, 2001, which the Georgia Supreme Court ultimately dismissed as untimely. Id. The Eleventh Circuit held that petitioner's application for state collateral review remained "pending" until the thirty-day deadline for filing a certificate of probable cause application expired. Id. ("a state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level") (emphasis added)); see Carey v. Saffold, 536 U.S. 214, 220, 226 (2002). Furthermore, his out-of-time application for certificate of probable cause was not "properly filed," as reflected by the Georgia Supreme Court's dismissal pursuant to its "firmly established and regularly followed" filing requirement. Wade, 379 F.3d at 1262-63; see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (court must give "due deference" to procedural determination of timeliness by Georgia Supreme Court). Thus, his AEDPA limitations period began to run again on November 20, 2000, making his § 2254 untimely. Wade, 379 F.3d at 1262.

Applying the holding of Wade to the instant case, it is clear that the instant petition is untimely. The determining factor here, as in Wade, is the Georgia Supreme Court's denial of petitioner's application for certificate of probable cause because it was untimely. Pursuant to Webster and Wade, this Court must give "due deference" to that procedural determination and find that petitioner's application for certificate of probable cause was untimely and not "properly filed." Wade, 379 F.3d at 1262. As such, his application for collateral review was only "pending" until September 29, 2004, when the thirty day period during which he could timely file a certificate for probable cause with the Georgia Supreme Court ended. Therefore, since there were 272 days remaining on the AEDPA clock, petitioner had until June 28, 2005 to file a timely petition seeking federal habeas relief under § 2254. The instant petition was not filed until May 4, 2006, 310 days after the deadline.[5] Therefore, this § 2254 petition is untimely and should be DISMISSED.

---

[5] Even if petitioner's untimely application for certificate of probable cause to appeal, filed March 25, 2005, were considered "properly filed" and thus further tolled the AEDPA limitations period, his instant petition would still be untimely. The Georgia Supreme Court denied that application on October 18, 2005. Tolling of an additional 207 days (March 25, 2005 to October 18, 2005) would result in the instant petition being filed 468 days after his conviction became final and 103 days after the deadline for filing a § 2254 petition expired.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 22nd day of August, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA