FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2017 JUL 18 PM 4: 42

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHNNY D. JACKSON, )
 )
    Petitioner, )
 )
vs. ) Case No. CV406-116
 )
TIMOTHY C. WARD, Warden, )
 )
    Respondent. )
 )

## O R D E R

On September 13, 2006, this Court dismissed Petitioner Johnny D. Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it was untimely by more than six years. Nearly seven months after the Judgment of Dismissal was entered, Petitioner filed the instant "Motion for Equitable Tolling." (Doc. 18.) Therein, Petitioner requests that the Court apply the doctrine of equitable tolling and reinstate his habeas petition.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon v. United States District Court, 128 F.3d 1283, 1289 (9th Cir. 1997), vacated on other grounds, 163 F.3d 530 (9th Cir. 1998).

Petitioner's allegations neither demonstrate diligence nor rise to the level of extraordinary circumstance beyond his control which warrant equitable tolling of the one-year period set forth in § 2244(d). Accordingly, his motion for equitable tolling is **DENIED**.

SO ORDERED, this 18th day of July, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA